### MARY J. HOPKINS *v.* J. M. HOLMES.

**Dower, Not Lessened by Prior Homestead.**

Where a wife does not join in a mortgage on real estate, upon the death of her husband she is entitled to have her dower therein set off to her, and where she is not asserting any homestead right as against the mortgagee, there is no reason for lessening the value of her dower by reason of the homestead exemption made during the life of her husband.

#### APPEAL FROM DAVIESS CIRCUIT COURT.

October 28, 1879.

OPINION BY JUDGE PRYOR:

This is an action by Mary J. Hopkins against the appellee, Holmes, for the purpose of having dower assigned her in a tract of 357 acres of land that originally belonged to her husband, and was sold under a mortgage executed by the latter to Bransford and others to indemnify them as his sureties.

In the proceeding to foreclose the husband asserted his right to a homestead, and out of the purchase money $1,000 was paid over to Hopkins and acepted by him in place of the land, and with this money he purchased a small farm where his widow now resides. In allotting dower the court below deducted from the value of this right of the widow the $1,000 that had been paid over to the husband, and she appeals.

She was no party to the mortgage executed by the husband to Bransford, and as she is not asserting any claim to a homestead as against the appellee there is no reason for lessening the value of her dower by reason of the exemption made during the life of her husband. That the appellee purchased subject to her potential right of dower is unquestioned, and in this purchase obtained the land free from the homestead exemption. This was paid out of the purchase-money, and the appellee obtained all the right he purchased,

and is in no manner interested in the homestead now occupied by the widow. If there had been no payment in money, and the homestead of the value of $1,000 had been set apart in the land after the death of the husband, the widow could have asserted claim to dower, and in allotting it she must account for the value of the homestead for the reason that the statute expressly provides that in claiming both dower and homestead the value of the dower must be abated by the value of the homestead. The question of homestead is not involved in this controversy.

The money value of the homestead, when paid to the debtor, may be invested in another homestead if he sees proper to do so. The chancellor will not compel him to make the investment, and if he should invest the money in other property not exempt from execution it may be sold to satisfy the claims of creditors. The appellee is not even a creditor, and with the claim of dower on his land, has obtained all he purchased. It was the land encumbered by the dower that he purchased, and to give him more, and the widow of the debtor less, would be manifestly unjust. It is only where the allotment is in kind, and a claim to a homestead is asserted or exists in the land in which dower is sought to be obtained, that the abatement in the value of the dower is to be made. This is the object of the thirteenth section of the statute in which it is provided that the homestead shall be allotted in estimating dower. The right of the purchaser is in no manner diminished by giving to the widow her dower in the entire tract.

Judgment *reversed* and cause remanded with directions to allot dower without regard to the homestead exemption.

*Sweeney & Son, Houston & Mulligan, for appellant.*

*Weir & Son, for appellee.*